UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| SEAN WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 4:19-CV-009-CLC-SKL |
| v. | ) |
| | ) |
| BEDFORD COUNTY,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will proceed only as to Plaintiff's claim that Bedford County has a policy of denying inmates any opportunities for recreation that has violated Plaintiff's Eighth Amendment rights. All other claims will be **DISMISSED**.

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme

---

[1] While Plaintiff named Mary West, Austin Swing, and Jason Williams as Defendants, Plaintiff did not specify whether he sued these individuals in their official or individual capacities and does not set forth specific allegations as to these Defendants, but rather sets forth general claims regarding the conditions of his confinement. As such, the Court liberally construes the complaint as against Bedford County instead. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Moore v. City of Harriman*, 272 F. 3d 769, 772 (6th Cir. 2001) (setting for the "course of proceedings" test to determine whether a plaintiff has sued a defendant in his official and/or individual capacities).

Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

The jail is overpopulated, inmates are being held in blocks at twice the operating capacity, and there are as many inmates on the floor as on bunks (Doc. 2 p. 3–4). Also, some inmates were sent to the block without a mat to sleep on, clothes, shoes, or a hygiene pack. (*Id*. at 4). Inmates also "are not allowed any recreation time" and are not allowed out of the cell block except at meal times (*Id*.). Further, the jail has unsanitary living conditions, including mold in the bathroom, a bug and rat problem, and exposed wiring (*Id.*). Inmates are not fed enough daily (*Id.*).

## III. ANALYSIS

First, nothing in Plaintiff's complaint allows the Court to plausibly infer that Plaintiff has been adversely affected by the alleged overpopulation at the jail or denied a mat, clothes, shoes, or hygiene items such that it may have violated his constitutional rights in any way, and Plaintiff

2

lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989). As such, these allegations fail to state a claim upon which relief may be granted under § 1983.

Next, as to Plaintiff's allegation that the jail does not feed inmates enough, Plaintiff has not set forth any allegation that allows the Court to plausibly infer that the alleged lack of food has affected him in any way. As such, this allegation fails to state a claim upon which relief may be granted under § 1983. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

Further, Plaintiff's allegations regarding the conditions at the jail, accepted as true, do not allow the Court to plausibly infer that those conditions have violated Plaintiff's constitutional rights. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in the complaint suggests that the alleged mold, bugs and rats, or exposed wiring creates an unreasonable risk of damage to Plaintiff's health or any other extreme deprivation. Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.

As Plaintiff's assertion that the inmates at the jail do not receive any recreation time and are only allowed out of their cells for meals allows the Court to plausibly infer that Bedford County may have a policy of denying inmates, including Plaintiff, adequate recreation time in violation of Plaintiff's rights under the Eighth Amendment, however, this claim will proceed.

**IV. CONCLUSION**

For the reasons set forth above:

1. The Clerk is **DIRECTED** to substitute Bedford County as the only Defendant in this matter;

2. All claims in the complaint except the claim regarding denial of recreation time are **DISMISSED**;

3. The Clerk is also **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Bedford County;

4. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

5. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

6. Service on Defendant Bedford County shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action may be dismissed;

8. Defendant Bedford County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Bedford County fails to timely respond to the complaint, it may result in entry of judgment by default; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Bedford County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**